# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MICHAEL JACKSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | NO. CIV-22-1038-HE |
| ) | |
| CLEVELAND COUNTY DETENTION ) | |
| CENTER ADMINISTRATORS, *et al.* ) | |
| ) | |
| Defendants. ) | |

## **ORDER**

Plaintiff Michael Jackson, a state prisoner appearing *pro se* and *in forma pauperis*, filed this § 1983 complaint alleging deliberate indifference to his serious medical needs and failure to provide him with ADA compliant accommodations. As defendants, plaintiff names Cleveland County Detention Center ("CCDC") Administrators, Turn Key Health Administrators, and Dr. Becky Pata. Pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) the matter was referred to Magistrate Judge Shon T. Erwin for initial proceedings. Upon initial review of the complaint, Judge Erwin has issued a Report and Recommendation recommending that the complaint be dismissed for failure to adequately allege how any individual defendant is responsible for his alleged constitutional violations. Plaintiff has objected to the Report triggering *de novo* review of matters to which objection has been raised.

Plaintiff's objection focuses on the "unnamed" nature of the defendant administrators. While it may be true that a plaintiff does not necessarily have to know the

name of an individual defendant, that is not why the Report recommends dismissal of the complaint.

The complaint generally contends that CCDC does not comply with handicapped accessibility requirements and that he was denied adequate pain medicine and prescribed therapy.  Plaintiff contends that "all the defendants are responsible through their official policies and informal customs" of negligence and deliberate indifference to his serious medical needs, and that all defendants intentionally ignore his pain despite knowledge of his medical needs.  What is lacking in the complaint is adequate allegations linking specific individuals — by title, name, or other means that would place that individual on notice of the allegations against them — with specific alleged constitutional violations.  Notably, the only allegation against Dr. Pata is that she saw plaintiff on one occasion, which is insufficient to state a claim for deliberate indifference.[1]  While it may be implied that the Cleveland County Sheriff is responsible for making CCDC ADA compliant or that Dr. Pata ignored plaintiff's serious medical needs, there are no such allegations in the complaint.

After *de novo* review, the court **ADOPTS** the Report and Recommendation [Doc. #11].  Plaintiff's complaint is **DISMISSED**.  Plaintiff is granted leave to file an amended complaint within **thirty (30) days** of the date of this order.

---

[1] *"To state a cognizable claim, Plaintiff must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.  This standard includes both an objective component and a subjective component.  To establish the objective component, the alleged deprivation must be sufficiently serious to constitute a deprivation of constitutional dimension. . . . The subjective component requires Plaintiff to establish that a medical official knows of and disregards an excessive risk to inmate health or safety."* Strain v. Regalado, 977 F.3d 984, 989-90 (10th Cir. 2020) *(quotations and citations omitted).  Further, "an individual who merely disagrees with a diagnosis or a prescribe course of treatment does not state a constitutional violation."* Id. *(quotations and citation omitted).*

**IT IS SO ORDERED**.

Dated this 11th day of July, 2023.

                                                     JOE HEATON
                                                     UNITED STATES DISTRICT JUDGE